HANSEN *v.* ROLISON.

SALES— PRINCIPAL AND AGENT— CONTRACTS— RATIFICATION— DELIVERY.

In an action on a promissory note given as part of the purchase price of a machine, the principal, by retaining the order and note, ratified the contract made by its agent, and was obligated to deliver the goods sold; and delivery to the agent for defendant, and notice to him to come and get the machine, together with his promise to do so, was a sufficient delivery to complete the contract, and plaintiff was entitled to recover.

Error to Montcalm; Davis, J. Submitted January 7, 1909. (Docket No. 25.) Decided March 30, 1909.

Assumpsit by Chris Hansen against William H. Rolison upon a promissory note. There was judgment for plaintiff, and defendant brings error. Affirmed.

*N. O. Griswold*, for appellant.

*Rarden & Rarden*, for appellee.

Blair, C. J.  This case was determined by the court and at the request of the plaintiff the court made the following findings of fact and of law:

## "Findings of Fact.

"(1) On the 3d day of August, 1901, the plaintiff was acting as agent for the McCormick Harvesting Machine Company, and on that day procured of the defendant a paper writing signed by the defendant, in the following words and figures, viz.:

"'McCormick Harvesting Machine Co., Chicago, Ill.

"'*Gentlemen:* The undersigned hereby purchases of you to be shipped on or before May 1, 1902, one of your 5-foot vertical lift mowers, including the usual extras, to be consigned to the care of Chris Hansen at Greenville.  Upon receipt of the machine the undersigned agrees to pay freight on same and pay you $——— in cash or execute and deliver to you approved notes for the sum of $47.00 as follows: $12.00 payable on the first day of December, 1902, $20.00 payable on the first day of December, 1903, $15.00 payable on the first day of December, 1904.  Said notes to draw interest at the rate of 6 per cent. per annum from December 1, 1902, until maturity.'

"Then follows a warranty of the machine.  This order was signed by the defendant only.

"(2) The parties closed the deal on the same day by Rolison making to said company and delivering to Hansen for it the notes in said order provided for, which were dated on that day and made payable December 1, 1902, December 1, 1903, and December 1, 1904, respectively. This Hansen had the authority to do under his agency, as disclosed by the evidence.  These notes did not begin to draw interest until December 1, 1902.  The first of these notes, being the one sued upon in this case, is in the following words and figures:

"'$12.                    Greenville, Mich., Aug. 3, 1901.

"''On or before the first day of December, 1902, for value received, I promise to pay to the McCormick Harvesting Machine Company, a corporation organized and existing under the laws of the State of Illinois, and having its chief office and place of business in the city of Chicago, county of Cook, and State of Illinois, or order, at Greenville State Bank, Michigan, twelve dollars with interest at the rate of six per cent. per annum from December 1, 1902, until paid.  One of the express conditions of the sale of the mower for which this note is given is that the title to and right of possession of said machine shall not pass from the said McCormick

Harvesting Machine Company until such time as this note shall have been paid in full. The makers and indorsers severally waive presentment for payment, protest, notice of nonpayment, diligence in enforcing payment, and agree that time of payment may be extended without affecting their liability.

   "'P. O. Lakeview, (3 miles south).

    "'Township of Cato, (3 miles east).

     "'County of Montcalm, (of said P. O.).

      "'State of Michigan.

         [Signed]     "'WILLIAM H. ROLISON.'

  " Another note of like import was executed at the same time, for $20, payable on the 1st day of December, 1903, and another of like import executed at the same time by defendant for $15, payable December 1, 1904.

  "(3) Thereupon Hansen gave to the defendant a receipt in the following words and figures:

           "'GREENVILLE, MICH., Aug. 3, 1901.

  "' Received of Wm. H. Rolison, forty-seven dollars in notes for one 5-foot McCormick vertical lift mower and 20 notes for 18-foot steel McCormick rakes, said mower and rake to be ready for him before May 1, 1902.

         [Signed]     "'CHRIS HANSEN.'

  " The rake mentioned in this receipt was sold that day to Rolison by Hansen personally, and the McCormick Company was not interested in the sale of the rake.

  "(4) The plaintiff sent a copy of the above-mentioned order to the McCormick Harvesting Machine Company, and in the fall of 1901 sent the above-mentioned notes to the McCormick Harvesting Machine Company. After the first note was due, the notes in question were purchased by Hansen and assigned to him by the said McCormick Company.

  "(5) The plaintiff had in his store at Greenville a mower and equipment belonging to said company of the same kind mentioned in said contract at the time the contract was made, which remained there until about May 1, 1902, at which time the plaintiff received of the McCormick Harvesting Machine Company a car load of mowers of the same kind and character mentioned in said contract, one of which was to fill the order in issue.

  "(6) Soon after the 1st of May, 1902, and in that month, Hansen repeatedly notified Rolison to come and get the machine, and Rolison repeatedly promised to do

so, but he never came for it, and it still remains at Hansen's for him.

"(7) This suit is brought to recover upon the first note, a copy of which is given above. This note, with the others, prior to the commencement of this suit, but after its maturity—that is, after December 1, 1902—was duly and legally assigned by the payee to the plaintiff.

"FINDINGS OF LAW.

"From the foregoing facts the court finds the law in this case to be as follows:

"(1) That the transaction on the 3d day of August, 1901, by and between the defendant and the McCormick Harvesting Machine Company, through its agent, Chris Hansen, was and is a legally executed contract between the defendant and said company, valid and binding upon the parties thereto.

"(2) That the notes given by the defendant as a part of said contract, and of which the one in issue is the first, were given for a valid and valuable consideration, and were and are legal and binding upon said defendant.

"(3) That the machine in issue, for the purchase price of which these notes, of which the one sued in this case is one, were given by the defendant, was legally delivered to said defendant within the time prescribed by said contract, by being delivered to Chris Hansen, his agent, made so for that purpose by the terms of the contract.

"(4) That this suit is properly planted by the plaintiff against the defendant, and the plaintiff is entitled to judgment for the principal of said note and interest, amounting in all to $15.84, and costs of this suit to be taxed."

Defendant insists that this case is ruled by *McCormick Harvesting Machine Co.* v. *Cusack*, 116 Mich. 647, and judgment should have been rendered in his favor. In the *Cusack Case* the order given by the defendant was not sent to Chicago; in the present case it was. In the *Cusack Case* the defendant did not give the notes, but countermanded the order. In the present case defendant gave the notes, which were sent to the company at Chicago, and did not countermand the order, but, on the contrary, promised repeatedly to come and get the machine. By retaining the order and notes, the company ratified the contract on its part, if such ratification were necessary, and became obligated to deliver the machine.

The delivery of a machine to Hansen for defendant, in accordance with the order, and the notice to him to come and get it, with his promise to do so, constituted a sufficient delivery to him. The contract was fully performed by the company, and plaintiff was entitled to recover. *National Cash Register Co.* v. *Dehn*, 139 Mich. 406.

The judgment is affirmed.

GRANT, MONTGOMERY, MOORE, and McALVAY, JJ., concurred.